UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LANA RAMAGOS | CIVIL ACTION |
| VERSUS | |
| PIERRE REGACHE, ET AL. | NO. 18-1-SDD-RLB |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on June 4, 2018.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LANA RAMAGOS** | **CIVIL ACTION** |
| **VERSUS** | |
| **PIERRE REGACHE, ET AL.** | **NO. 18-1-SDD-RLB** |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand (R. Doc. 5) filed on February 2, 2018. The Motion is opposed. (R. Doc. 7). Plaintiff filed a reply. (R. Doc. 12).

**I.    Background**

On or about April 28, 2017, Lana Ramagos ("Plaintiff") filed the instant action in the 18th Judicial District Court, West Baton Rouge Parish, Louisiana, naming as defendants Pierrer Regache, Clarke Road Transport, Inc. ("Clark"), and her husband Travis Ramagos. (R. Doc. 1-4, "Petition"). Plaintiff alleges that she was involved in a motor vehicle collision between a vehicle owned and operated by Mr. Ramagos, and in which Plaintiff was a passenger, and a vehicle by Mr. Regache and owned by Clark. (Petition ¶¶ 3-5). Plaintiff alleges that as a result of the accident she "sustained bodily injuries that required medical attention and treatment by a physician." (Petition ¶ 6). Plaintiff alleges that both Mr. Regache and Mr. Ramagos "failed to use ordinary care by various acts and omissions . . . each of which singularly or in combination with others, was a proximate cause of the occurrence in question. . . ." (Petition ¶¶ 7-9).

On May 9, 2017, Mr. Ramagos filed an Answer and Petition in Cross-Claim seeking relief from Mr. Regache and Clarke. (R. Doc. 1-5 at 2-6).

1

On December 15, 2017, counsel for Mr. Ramagos provided a medical bill summary indicating that Mr. Ramagos had incurred $174,079.68 in medical expenses. (R. Doc. 1-6).

On January 3, 2018, Mr. Regache and Clarke (collectively, the "Removing Defendants") filed a Notice of Removal, asserting that the Court has diversity jurisdiction over this action. (R. Doc. 1).  The Removing Defendants assert that Mr. Ramagos was improperly joined as a defendant in light of La. R.S. 9:291, Louisiana's spousal immunity statute, which precludes Plaintiff from having a right of action against her husband. (R. Doc. 1 at 6-7).  In light of the foregoing, the Removing Defendants assert that Mr. Ramagos' consent was not required for removal. (R. Doc. 1 at 7-8).

The Removing Defendants further assert that there is complete diversity because Plaintiff is a citizen of Louisiana, Mr. Regache is a citizen of Canada, Clarke is a citizen of Canada, and the citizen of Mr. Ramagos (Louisiana) should be ignored. (R. Doc. 1 at 3).  The Removing Defendants further assert that in light of Mr. Ramagos' medical expenses, his "claims clearly meet the amount in controversy threshold," adding that it was "unclear" at the time of removal "whether the claims of Lana Ramagos do as well." (R. Doc. 1 at 4).  The Removing Defendants assert that the Court should re-align Mr. Ramagos as a plaintiff, find that the amount in controversy requirement is satisfied based on his allegations, and exercise "supplemental jurisdiction" over Plaintiff's claims. (R. Doc. 1 at 4-7).

On February 2, 2018, Plaintiff filed the instant Motion to Remand. (R. Doc. 5).

**II.    Arguments of the Parties**

In support of remand, Plaintiff argues that her husband, Mr. Ramagos, was not improperly joined as a defendant and that his consent to removal was required. (R. Doc. 5-1). More specifically, Plaintiff characterizes the interspousal immunity provided by La. R.S. 9:291

2

as an affirmative defense that is "personal" to the spouse with the right to raise it and unavailable to other parties to an action. (R. Doc. 5-1 at 4-7).

In opposition, the Removing Defendants argue that Mr. Ramagos was improperly joined and that his consent was not required for removal. (R. Doc. 7). More specifically, the Removing Defendants distinguish certain decisions relied upon by Plaintiff, arguing that *Palmer v. Palmer*, No. 13-213-SDD-RLB, 2013 WL 5701515 (M.D. La. Oct. 17, 2013), in which the Court held that a spouse was improperly joined as a defendant in a motor vehicle accident action in light of the interspousal immunity provided by La. R.S. 9:291, requires a finding of improper joinder in this action. (R. Doc. 7 at 3-7).

In reply, Plaintiff asserts that since the filing of the Motion to Remand, she and her husband "have separated and will not be reconciling," and "divorce proceedings will be instituted shortly." (R. Doc. 12 at 1). Because the spousal immunity terminates on divorce, Plaintiff requests the Court to delay ruling on her Motion to Remand until a judgment of divorce is obtained. (R. Doc. 12 at 2-3).

### III.   Law and Analysis

#### A.   Legal Standards

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)

3

("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice . . . permits the recovery of damages in excess of the amount demanded," removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). In Louisiana state court, plaintiffs are generally prohibited from alleging a specific monetary amount of damages sought in their petitions, and are required to state whether there is a "lack of jurisdiction of federal courts due to insufficiency of damages." La. Code Civ. P. art. 893(A)(1).

The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See*, *e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

The party seeking removal based on improper joinder of a non-diverse defendant bears a "heavy" burden of proving that the joinder was improper. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). Improper joinder of a non-diverse party can be proven when the removing defendant

4

establishes that there is "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id*. at 646-47.  In the latter situation, "the test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004).

Generally, a court should "conduct a Rule 12(b)(6)-type analysis . . . to determine whether the complaint states a claim under state law against the in-state defendant." *Id*. However, where the plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder" the district court may "pierce the pleadings and conduct a summary inquiry." *Id*.  The court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the plaintiffs. *Travis*, 326 F.3d at 649.  If the court concludes that the plaintiffs have any "possibility of recovery" against the party whose joinder is questioned" then joinder is proper and the case must be remanded for lack of subject matter jurisdiction. *Id*.

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916

5

(5th Cir. 2001) ("We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum.").

**B**     **Improper Joinder**

The Removing Defendants argue that Mr. Ramagos has been improperly joined to this proceeding because the Plaintiff has no "right of action" against him under La. R.S. 9:291. That statute provides the following:

> ***Spouses may not sue each other*** except for causes of action pertaining to contracts or arising out of the provisions of Book III, Title VI of the Civil Code [Matrimonial Regimes]; for restitution of separate property; for divorce or declaration of nullity of the marriage; and for causes of action pertaining to spousal support or the support or custody of a child while the spouses are living separate and apart.

La. R.S. 9:291 (emphasis added).

La. R.S. 9:291 bars tort actions by a person against his or her spouse. *See*, *e.g.*, *Kennedy-Fagan v. Estate of Graves*, 993 So. 2d 255, 266 (La. App. 1 Cir. 2008) ("Suits in tort by a person against a spouse are prohibited by [La. R.S. 9:291]."); *see also Turner v. Law Firm of Wolff & Wolff*, 986 So. 2d 889, 892 (La. App. 4th Cir. 2008) ("[A]ccording to the mandates of La. R.S. 9:291, any actions between spouses must be asserted in a divorce proceeding."). Although the Louisiana Supreme Court has described the purpose of La. R.S. 9:291 as "to maintain domestic tranquility and promote stability of family unit," *see Smith v. S. Farm Bureau Cas. Ins. Co.*,174 So. 2d 122, 124 (La. 1965), at least one Louisiana court has noted that another purpose of the statute is to prevent "collusion by spouses for tort recovery," particularly in the context of claims brought against liability insurers. *See Eisenhardt v. Snook*, 986 So. 2d 700, 706 (La. App. 2 Cir. 2008), *rev'd in part*, 8 So. 3d 541 (La. 2009).

While a person may have a valid "cause of action" sounding in tort against his or her spouse, under Louisiana law, that person does not have a "right of action" against his or her

6

spouse during the course of the marriage. *Smith*, 174 So. 2d 122, 125 ("The immunity created by [La. R.S. 9:291] is not an exception to the creation of [a] substantive cause of action [in tort]; it is merely a procedural bar to [a person's] right to sue [his or her spouse] personally."); *Duplechin v. Toce*, 497 So. 2d 763, 765 (La. App. 3rd Cir. 1986) ("It is well settled that the interspousal immunity created by [La. R.S. 9:291] does not destroy any cause of action which one spouse might have against the other. The effect of this statute is to bar the right of action which one spouse has against the other for any such cause of action."); *Gremillion v. Caffey*, 71 So. 2d 670, 672 (La. App. 1st Cir. 1954) ("A married [person] has a cause of action for a tort arising during the marriage against [his or her spouse] but no right of action."). If a marriage ends in divorce, a person may then have a "right of action" against his or her spouse for the underlying tort committed during marriage. *See Duplechin*, 497 So. 2d at 765; *Gremillion*, 71 So. 2d at 675.

The Plaintiff's argument that "the defense of interspousal immunity is personal to a husband or wife and cannot be raised by an insurer" is correct as a legal premise,[1] but that legal premise is inapplicable to the jurisdictional issue before the Court.

The Court finds that the Removing Defendants have met their burden of demonstrating that Mr. Ramagos was improperly joined to this action. In other words, "there is no reasonable basis for the district court to predict" that the Plaintiff might be able to recover against her husband, Mr. Ramagos, in this action as removed. Under Louisiana law, a spouse "may not sue" his or her spouse for recovery in tort. *See* La. R.S. 9:291. Plaintiff has no possibility of recovery

---

[1] *See Le Blanc v. New Amsterdam Cas. Co.*, 13 So.2d 245, 246 (La. 1943) ("[T]he plea of interspousal immunity, available to the husband in defeating any recovery sought by his wife for injuries sustained by her through his negligent operation of an automobile, is personal to him and, therefore, not available to the insurer of the husband's employer."); *Gullot v. Travelers Indem. Co.*, 338 So.2d 334, 336 (La. App. Cir. 3rd 1976) ("[T]he defense of interspousal immunity is personal to the husband or wife and cannot be raised by an insurer in a direct action against same."). In neither decision cited by the Plaintiff was the *spouse* named a defendant in the action.

7

against her husband as long as they remain married. While Plaintiff now represents that she has initiated divorce proceedings against her husband, she will not have a right of action until a judgment of divorce is obtained.

Based on the foregoing, the arguments raised in Plaintiff's Motion to Remand (R. Doc. 5) have no basis in law. *See Palmer v. Palmer*, No. 13-213-SDD-RLB, 2013 WL 5701515 (M.D. La. Oct. 17, 2013). Accordingly, Plaintiff is not entitled to "an award of costs and fees" pursuant to 28 U.S.C. § 1447(c).

### C. The Amount in Controversy Requirement

In her Motion to Remand, Plaintiff does not argue that the amount in controversy requirement is satisfied. In determining whether the amount in controversy requirement is satisfied, the Court must consider whether the amount in controversy is facially apparent, and if not, whether the ambiguity regarding the amount in controversy has been resolved.

In the Notice of Removal, the Removing Defendants assert that the amount in controversy requirement is satisfied solely on the basis that there is in evidence in the record that Mr. Ramagos has incurred medical bills exceeding the jurisdictional amount. (R. Doc. 1 at 4). The Notice of Removal specifically states that, at the time of removal, it was "unclear . . . whether the claims of Lana Ramagos . . . meet the amount in controversy threshold." (R. Doc. 1 at 4). The Removing Defendants suggest that while the Court should conclude that Mr. Ramagos was improperly joined as a defendant (and accordingly ignore his citizenship for a determination of jurisdiction), the Court should also "re-align Mr. Ramagos to his proper role – as co-plaintiff aligned with Lana Ramagos seeking recovery against Regache and Clarke," for the purposes of considering his incurred medical expenses in determining that the amount in controversy requirement is satisfied. (R. Doc. 1 at 7).

8

The Removing Defendants have not moved the Court to realign the parties. Given the lack of briefing on the issue of whether Mr. Ramagos is properly aligned as a plaintiff in this action and, if not, whether the amount in controversy requirement is satisfied based solely on Plaintiff's allegations, supplemental briefing is required to determine whether the Court may exercise diversity jurisdiction in this action.

### IV. Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 5) be **DENIED.**

**IT IS FURTHER RECOMMENDED** that the district judge order the parties to submit supplemental briefing on of whether Mr. Ramagos is properly aligned as a plaintiff in this action and, if not, whether the amount in controversy requirement is satisfied based solely on Mrs. Ramagos' allegations in the Petition, and refer the issue of whether the amount in controversy is satisfied to the undersigned for the issuance of supplemental report and recommendation.

Signed in Baton Rouge, Louisiana, on June 4, 2018.

    **RICHARD L. BOURGEOIS, JR.**
    **UNITED STATES MAGISTRATE JUDGE**